UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TOUFIC ELEID | * | CIVIL ACTION |
|       PLAINTIFF | * | |
| | * | NO. 23-356 |
|     VERSUS | * | |
| | * | JUDGE ASHE |
| PFIZER, INC. | * | |
|       DEFENDANT | * | MAG. JUDGE VAN MEERVELD |

\* \* \* \* \* \* \* \*

**FIRST SUPPLEMENTAL AND AMENDED COMPLAINT**
**FILED AS OF RIGHT PURSUANT TO FRCP 15(A)**

NOW COMES INTO COURT, through the undersigned counsel, Toufic Eleid ("plaintiff") who for his Complaint, respectfully represents that:

1.

Toufic Eleid (hereinafter "plaintiff" or "Eleid"), plaintiff herein, is a person of the age of majority and domiciled within the State of Louisiana, Parish of Orleans.

2.

Made defendant herein is Pfizer, Inc. (hereinafter "Pfizer"), an Delaware business corporation, upon information and belief, which is licensed to do business in the State of Louisiana. Pfizer's principle place of business in the State of Louisiana is in Baton Rouge, East Baton Rouge Parish, State of Louisiana.

3.

Plaintiff was a successful member of Pfizer's sales force prior to the events at issue herein.

4.

Also prior to the events at issue herein, plaintiff was in a separation process from Pfizer.

5.

Pfizer, via an offer letter dated March 21, 2022, solicited plaintiff to return to work with Pfizer as a known "Top Performer", taking him out of the separation process, in order to market the COVID-19 medication Paxlovid. (Ex. 1, March 21, 2022 offer letter to Toufic Eleid.)

6.

Plaintiff timely accepted the offer made in the March 21, 2022 offer letter via the required form, accepting the terms of the March 21, 2022 offer letter. (Ex. 2, March 22, 2022 Email Response to Offer form.)

7.

Plaintiff performed all duties expected, requested, or required of him in the position offered to him in the March 21, 2022 offer letter with the same level of excellence that caused Pfizer to refer to him as a "Top Performer" in the offer letter.

8.

The March 21, 2022 offer letter contained no "at will" employment clause, and was an offer of employment until the resolution of FDA approval and relevant sales force going live. Thus, it was a contract of employment for employment until resolutory conditions occurred, and therefore plaintiff could only be terminated for cause.

9.

As of the date of this filing the FDA has not changed Paxlovid from an EUA status, with permanent approval status neither being approved nor denied.

10.

Pfizer did not have good cause to terminate plaintiff, but rather did so only for her own convenience.

11.

On or about June 6, 2022, Pfizer held a conference call in which, through management representatives authorized to speak for the company, it assured plaintiff and other employees on similar agreements that their positions were not at risk due to the hiring of any outside contract sales force. This was done to cause the members of the Paxlovid sales force who were on the temporary position contracts as Pfizer payroll employees to continue working, and thereby denied plaintiff the opportunity to timely seek other work. Also, this allowed time for the outside contract sales force to be hired, trained, and gain at least a month of field experience. Only after this was accomplished did Pfizer decide to notify plaintiff and his co-workers that they were terminated.

12.

Pfizer informed Mr. Eleid that he was being returned to a layoff or separation status after Pfizer had unilaterally decided to proceed with an outside contract worker based sales force for the Paxlovid product and when Paxlovid reached 90% prescription rate for eligible patients. Plaintiff, based on his knowledge of the industry, understands that this outside sales force is less expensive to Pfizer, and the motivation for Pfizer to break its contract obligations is to save money.

13.

.Mr. Eleid emailed his management team and human resources business partners within Pfizer and attempted to find a solution to this set of issues. The result was a conference call on

October 24, 2022, between Mr. Eleid and representatives of Pfizer management and human resources which did not yield any viable solutions to the issues at hand.

14.

The offer letter did not leave any option for Pfizer to avoid its obligations to employ the plaintiff on the terms set forth in the offer letter by use of an outside sales force. Indeed, the offer letter drew no distinction, and it is plaintiffs contention that he is owed the pay and benefits due him under the terms of the offer letter regardless of the type of sales force Pfizer has opted to organize.

15.

By terminating plaintiff without cause from temporary Regional Representative position agreed to, plaintiff has suffered damages, including lost income, past, present, and future, lost benefits package, lost retirement benefits and vesting of additional benefits, and lost bonus payments for goals. (Plaintiff historically had a track record of success and receiving bonus payments based on performance such that his receipt of such bonuses was a regular achievement and not mere speculation.)

16.

One of the two resolutory conditions, the sales force for Paxlovid going live, has occurred. (The March 21, 2022 letter drew no distinction between an inside or outside sales force going live, and this distinction should not be made in light of the representations made in the June 6, 2022 conference call.) Upon occurrence of the second resolutory condition, Pfizer is obligated to give plaintiff the regular sales force position set forth in the March 21, 2022 letter. Therefore, plaintiff also seeks a declaratory judgment that upon occurrence of FDA approval of

Paxlovid for regular use, not under an EUA, as a prescription medication, plaintiff is entitled to the new sales position described in the March 21, 2022 letter.

17.

Pfizer's offer letter, along with plaintiff's acceptance constitutes a contract of employment for work to be performed in Louisiana. Thus, it is subject to interpretation and enforcement under Louisiana law without regard to choice of law principles. La. R.S. 23:921.

18.

Pfizer's breach of its obligations under the contract formed by the March 21, 2022 offer letter and Mr. Eleid's acceptance thereof is a bad faith breach, and therefore Pfizer is also liable for all consequential damages, which in this matter include damage to the plaintiff's financial status, credit rating, mortgage status, and such other financial consequences as may be proved in these proceedings. La. C.C. art. 1997.

19.

Venue is proper in this Honorable Court pursuant to 28 U.S.C. §1391.

20.

This Honorable Court has jurisdiction over the claims asserted in this matter pursuant to 28 U.S.C.A. §1332.

**WHEREFORE,** Toufic Eleid, prays that, due proceedings be had and that there be judgment herein in favor of Toufic Eleid and against Pfizer, Inc., defendant, for such sums as the Court should deem reasonable and proper, including general damages, special damages, consequential damages, backpay, frontpay, and lost wages, together with legal interest thereon from date of judicial demand until paid, plus all costs of these proceedings as defined or provided for by the Federal Rules of Civil Procedure, and for such other legal and equitable

relief as the Court shall deem necessary and proper. Plaintiff also prays for a declaratory judgment that upon occurrence of the FDA approval of Paxlovid Pfizer is obligated to employ him in the sales position described in the March 21, 2022 letter.

                                                Respectfully Submitted,

                                                _____s/Donald L. Hyatt, II_____
DONALD L. HYATT, II (24808)
DONALD L. HYATT, II APLC
1217 Florida Street
Mandeville, LA 70448
Telephone: (504) 813-6727
Facsimile: (866) 377-8671
E-mail: hyattlaw@aol.com
***COUNSEL FOR THE PLAINTIFF,
TOUFIC ELEID***